# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:21-CR-23-001 |
| v. | : | JUDGE WATSON |
| PATRICK M. FOSTER, | : | |
| Defendant. | : | |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant Patrick M. Foster, through undersigned counsel, respectfully submits the following Sentencing Memorandum for the Court's consideration.

Respectfully submitted,

**/s/ Samuel H. Shamansky**
SAMUEL H. SHAMANSKY CO., L.P.A.
Samuel H. Shamansky (0030772)
Lucas D. Trott (0101319)
523 South Third Street
Columbus, Ohio 43215
(614) 242-3939 – Phone
(614) 242-3999 – Fax
shamanskyco@gmail.com

Counsel for Defendant

## **MEMORANDUM**

Defendant acknowledges that Probation Officer Emily Mueller has provided a thorough and accurate rendition of the factual and procedural background of this case and takes no issue with the same beyond the objections enclosed therein. In this matter, the parties entered a plea agreement pursuant to Rule 11(c)(1)(A). On February 25, 2022, and pursuant to the parties' agreement, Mr. Foster entered a plea of guilty to the sole count in the Indictment, to wit: Accessory After the Fact to Murder, in violation of 18 U.S.C. §§ 3, 924(j), 1111 and 1512(a)(1)(B), and (C).

The instant offense includes a statutory maximum term of imprisonment of 15 years, up to a $250,000.00 fine, up to five years of supervised release, restitution, and a mandatory special assessment of $100.00. Further, the Court may impose not less than one nor more than five years of probation. Defendant's presentence investigation report indicates a total offense level of 31 and a criminal history category of III, corresponding to a guideline range of 135-168 months. Counsel for the United States has recommended a term of imprisonment of 97-121 months. In light of his background and the factual circumstances of this case, however, Defendant respectfully submits that a sentence of probation would provide a just and reasonable punishment. Defendant urges the Court to consider the factors set forth below in determining a reasonable sentence.

## **Application of 18 U.S.C. § 3553**

In defining "reasonableness," Congress has directed that criminal sentences must achieve four purposes: (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (2) to afford adequate deterrence to criminal conduct, (3) to protect the public from further crimes of the defendant, and (4) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in an effective manner. *See* 18 U.S.C. § 3553(a)(2). In addition, § 3553 requires a sentencing court to

consider "the need to avoid unwanted sentence disparity among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). Moreover, § 3553 provides that the sentence shall be "no greater than necessary . . . to comply with the purposes of punishment . . . ." *See* 18 U.S.C. § 3553(a).

In the case *sub judice* and pursuant to the foregoing analysis under *Booker* and § 3553, three considerations warrant imposition of a sentence of probation in this case: (1) Defendant's history and personal characteristics, §3553(a)(1); (2) the need for the sentence imposed to reflect the seriousness of the crime and to provide just punishment for the offense, § 3553(a)(2)(A); and (3) the need for the sentence imposed to afford adequate deterrence and protect the public from future crimes committed by the defendant, § 3553(a)(2)(B) and (C).

**Defendant's History and Personal Characteristics - § 3553(a)(1)**

Defendant is thirty-eight years old and is a lifelong resident of Columbus, Ohio. As described in the presentence report, Mr. Foster's upbringing was plagued by instability and substance abuse. Franklin County Children's Services became involved in Mr. Foster's life shortly after his birth, declaring him a neglected child. In addition to the mistreatment he suffered at the hands of his birth parents, Mr. Foster was abused both physically and sexually while in the foster system. By the age of 14, Defendant was virtually on his own, and resorted to the sale of narcotics to support himself. At the age of 16, Mr. Foster was committed to the Department of Youth Services for possessing cocaine base.

Upon reaching early adulthood, Defendant's criminal conduct and substance abuse issues continued. At the age of 19, Mr. Foster was convicted of Carrying a Concealed Weapon and sentenced to probation. At the age of 21, he was convicted of Conspiracy to Distribute and Possess

with Intent to Distribute Cocaine Base and sentenced to 120 months imprisonment. He was released in 2014.

While in prison, Defendant committed himself to rehabilitation and self-improvement. Intending to overcome his past circumstances, Mr. Foster resolved to lead a lawful and productive lifestyle and likewise began working towards that goal. In stark contrast to his tragic upbringing, Defendant has made enormous strides, working his way up in the real estate business and providing for a family of his own.

Mr. Foster currently runs a successful business renting properties to largely low-income tenants, many of whom are victims of abuse. Informed by the perils of his upbringing, Defendant rents these units at below market value to many who would otherwise have no place to live. Mr. Foster is active in maintaining the condition of his properties, and even often runs errands for several of his elderly tenants in order to ensure that they have adequate food and necessities. As such, Defendant has made an indelible difference in many lives, and these same individuals rely upon him on a daily basis.

Several of these tenants, as well as other members of Mr. Foster's support system, have written letters in support which shall be provided to the Court under separate cover. Defendant respectfully asks the Court to consider the role he plays in the lives of his tenants when determining his sentence.

### Need for the Sentence to Reflect the Seriousness of the Crime, Promote Respect for the Law, Provide Just Punishment, Deter Criminal Conduct, and Protect the Public - § 3553(a)(2)

Mr. Foster recognizes the grave severity of his charged conduct, and that the same merits significant punishment. However, without minimizing his conduct or its impact, Defendant respectfully submits that a sentence of probation would satisfy the statutory principles of

4

sentencing.

Though there is no excuse for his conduct, Defendant submits that he was ushered into this abhorrent conduct out of fear for his own life given the homicidal tendencies of his co-defendant. Nonetheless, Mr. Foster acknowledges that only he is to blame for his own actions, and that his poor decision-making has earned him his current predicament. Defendant respectfully submits that this behavior was a complete aberration resulting of a perfect storm of circumstances which are extremely unlikely to reoccur. Further, Mr. Foster has addressed the Court in a letter provided under separate cover.

Under the circumstances, Defendant submits that the risk of recidivism is zero, and that his unique background and circumstances support a sentence of probation. Defendant trusts that the Court will exercise its discretion in crafting a just sentence.

Respectfully submitted,

**/s/ Samuel H. Shamansky**
SAMUEL H. SHAMANSKY CO., L.P.A.
Samuel H. Shamansky (0030772)
Lucas D. Trott (0101319)
523 South Third Street
Columbus, Ohio 43215
(614) 242-3939 – Phone
(614) 242-3999 – Fax
shamanskyco@gmail.com

Counsel for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to Assistant U.S. Attorneys Timothy D. Prichard and Elizabeth A. Geraghty, 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215 on June

5

27, 2022.

                                            **/s/ Samuel H. Shamansky**
                                            SAMUEL H. SHAMANSKY